1    CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

2

MARTHA BOERSCH (CABN 126569)
3    Chief, Criminal Division

4    ANDREW PAULSON (CABN 267095)
Assistant United States Attorney

5

     1301 Clay Street, Suite 340S
6      Oakland, California 94612
     Telephone: (510) 637-3680
7      FAX: (510) 637-3724
     andrew.paulson@usdoj.gov

8

Attorneys for United States of America
9

**FILED**

Nov 05 2025

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 4:25-mj-71317 MAG |
| Plaintiff, | NOTICE OF PROCEEDINGS ON OUT-OF-DISTRICT CRIMINAL CHARGES PURSUANT TO RULES 5(c)(2) AND (3) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |
| v. | |
| DAVONE YOUNG, | |
| Defendant. | |

Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal Procedure that on November 4, 2025, the above-named defendant was arrested pursuant to an arrest warrant (copy attached) issued upon an

☐    Indictment

☐    Information

☐    Criminal Complaint

☒    Other (describe) Supervised Release Violation (Form 12)

pending in the Eastern District of California, Case Number 2:21-cr-00208-JAM.

In that case (copy of Form 12 attached), the defendant is charged with violations of the terms of his supervised release.

v. 8/29/2025

Description of Charges:

       **Charge 1:** Failure to Follow Instructions of the Probation Officer

       **Charge 2:** Failure to Make Special Assessment/Restitution Payments as Directed

The maximum penalties are as follows:

       **Custody:** Two years (18 U.S.C § 3583(e)(3))

       **Supervised Release:** Three years minus any custody time (18 U.S.C. § 3583(h))

Respectfully Submitted,

CRAIG H. MISSAKIAN
UNITED STATES ATTORNEY

Date: November 4, 2025

*/s/ Andrew Paulson*
 ANDREW PAULSON
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

USA ,                                            Case No:  **2:21−CR−00208−JAM**

     v.

**DAVONE YOUNG ,**

# WARRANT FOR ARREST

**TO:  THE UNITED STATES MARSHAL**
    and any Authorized United States Officer

**YOU ARE HEREBY COMMANDED TO ARREST:**   Davone Young

and bring him or her forthwith to the nearest United States magistrate judge to answer a(n)

### Supervised Release Violation Petition

charging him or her with *(brief description of offense)*

### Violation of Supervised Release

in violation of Title      **18**      United States Code, Section(s)      **3606**

| H. Kaminski | Deputy Clerk |
|---|---|
| Name of Issuing Officer | Title of Issuing Officer |
| *(signature)* | **3/8/22**       **Sacramento, CA** |
| Signature of Issuing Officer | Date and Location |

Bail fixed at      **NO BAIL**          by  **District Judge John A. Mendez**

---

**RETURN**

This warrant was received and executed with the arrest of the above−named defendant      _____

_____     _____

Date Received                   Name and Title of Arresting Officer

_____     _____

Date of Arrest                   Signature of Arresting Officer

RECEIVED U.S. MARSHALS SERVICE EASTERN CALIFORNIA 2022 MAR -8 AM 6:47

# UNITED STATES DISTRICT COURT
### Eastern District of California

## Petition For Warrant or Summons For
## Person Under Supervision

**Name of Person Under Supervision:**  Davone Young          **Docket Number:**  0972 2:21CR00208-001

**Name of Judicial Officer**:  United States District Judge John A. Mendez

**Date of Original Sentence:**  9/18/2018

**Original Offense:** Count 1: 18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm (Class C Felony); Count 11: 18 U.S.C § 1029(a)(2) – Access Device Fraud (Class C Felony); and Count 12: 18 U.S.C § 1028A(a)(1) – Aggravated Identify Theft (Class E Felony).

**Original Sentence:** 36 months custody to the Bureau of Prisons; 12 months on each of Counts 1 and 11, (concurrent to each other) and 24 months on Count 12 (consecutive), DNA Collection, Mandatory Drug Testing, $300 Special Assessment and $12,569.44 Restitution

**Special Conditions:**

No Contact with Victims
Vocational Training
Warrantless Search
Association Restriction (Co-defendants)
Pay Restitution & Special Assessment
Financial Disclosure
Financial Restrictions
Drug/Alcohol Treatment
Drug/Alcohol Testing
No Alcohol
Employment/Job Search
No Firearms

**Type of Supervision:**     TSR

**Date Supervision Commenced:**     6/11/2020

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST:  KEITH HOLLAND
Clerk, U. S. District Court
Eastern District of California
By
Deputy Clerk
Dated  3-8-2022

PROB 12C
(Rev. 06/21)



RE: **Davone Young**                              **Docket Number: 0972 2:21CR00208- 001**

**Other Court Actions:**

**06/10/2020:**    Motion for Compassionate Release granted. Mr. Young's sentence is reduced to a period of time served. All supervised release conditions remain the same. The period of supervised release commences on June 11, 2020.

**10/21/2021:**    12A notice filed in the Northern District of California noticing the Court of a new law violation (domestic violence) and travel outside the district without permission. No new charges were filed, and the Court took judicial notice.

**10/22/2021:**    Transfer of Jurisdiction finalized. Case transferred from Northern District of California, Docket 0971/3:16CR00477-05, to this district and assigned to the Honorable John A. Mendez, United States District Judge.

<hr>

## PETITIONING THE COURT

☒ **TO ISSUE A WARRANT**

The probation officer alleges the Person Under Supervision has violated the following conditions(s) of supervision:

| **Charge Number** | **Nature of Violation** |
| --- | --- |

**Charge 1:**    **FAILURE TO FOLLOW INSTRUCTIONS OF THE PROBATION OFFICER**

Mr. Young failed to report as directed on February 7, 2022, and February 23, 2022. This in violation of Standard Condition Number 2 which states, *"After initially reporting to the probation office, you will receive instructions from the Court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed."*

**Charge 2:**    **FAILURE TO MAKE SPECIAL ASSESSMENT/RESTITUTION PAYMENTS AS DIRECTED**

Mr. Young failed to make payments towards his special assessment and restitution as directed by the Court. This is in violation of Special Condition Number 4 which states, *"You shall pay any restitution and special assessment that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release."*

PROB 12C
(Rev. 06/21)

RE: **Davone Young**                                    **Docket Number: 0972 2:21CR00208- 001**

**Justification:** Following his compassionate release, Mr. Young commenced supervised release on June 11, 2020, in the Northern District of California. On July 15, 2020, he requested and was approved to relocate to this district to reside in Stockton, California with his girlfriend. Since then, Mr. Young has been largely unemployed holding two different jobs for about a month before becoming unemployed again. More recently, he has been unresponsive to my attempts to reach him by phone or during home contacts.

Specifically, on October 29, 2021, I mailed Mr. Young instructions on how to make payments towards his financial penalties. He was instructed to complete and return a financial investigation packet by November 15, 2021. He failed to provide the documentation as instructed (**Charge 2**).

Because of his lack of response, I conducted a home contact on December 16, 2021. On that date, there was no response to my knocking or ringing the bell. I left a business card with instructions for him to contact me. He failed to report as directed (**Charge 1**). On January 26, 2022, and January 27, 2022, I attempted to reach Mr. Young by phone. I left a message instructing him to return my call and he failed to report as directed (**Charge 1**). On January 31, 2021, I mailed Mr. Young a certified letter instructing him to report by phone immediately upon receipt of the letter. He failed to contact me as directed (**Charge 1**). On February 17, 2022, I mailed him a second certified letter, instructing him to reported by phone no later than February 23, 2022. He failed to contact me as directed (**Charge 1**).

**Detention:** Since his relocation to this district, Mr. Young has been unable or unwilling to secure or maintain employment. He has failed to return financial investigative materials as requested. More concerning is his lack of response in my attempts to reach him. I have tried to reach Mr. Young by phone, by mail, and a home contact. He is not responsive; thus, his whereabouts are unknown, and he is a risk of non-appearance. Based on the above, I respectfully request a warrant be issued and Mr. Young remain detained pending resolution of this violation petition.

**I declare under penalty of perjury that the following is true and correct.**

**EXECUTED ON:**        **March 1, 2022**
                        **Modesto, California**

                                        Respectfully submitted,

                                        **Kendall Millhouse**
                                        **United States Probation Officer**
                                        Telephone: (209) 702-6352

**DATED:**      3/1/2022

                                        Reviewed by,

                                        **Laura Weigel**
                                        **Supervising United States Probation Officer**

PROB 12C
(Rev. 06/21)

RE: **Davone Young**                                        **Docket Number: 0972 2:21CR00208- 001**

---

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

☒ The issuance of a warrant.

☐ The issuance of a summons.

☐ Other:

**FURTHER PROCEEDINGS REGARDING CUSTODY:**

☐ Defendant is ordered detained, to be brought before District Judge forthwith.

☒ Initial appearance and detention hearing before Magistrate Judge.


**DATED:** March 7, 2022                   /s/ John A. Mendez
                                  _____
                                  **THE HONORABLE JOHN A. MENDEZ**
                                  **UNITED STATES DISTRICT COURT JUDGE**




cc:    United States Probation

       Assistant United States Attorney: To be assigned

       United States Marshal Service


PROB 12C
                                                           (Rev. 06/21)

RE: **Davone Young**                                  **Docket Number: 0972 2:21CR00208- 001**

# STATEMENT OF EVIDENCE OF ALLEGED
# SUPERVISED RELEASE VIOLATIONS

Honorable John A. Mendez
United States District Judge
Sacramento, California

RE:    Young, Davone
**Docket Number:** 0972 2:21CR00208-001

Your Honor:

In addition to a copy of the **Acknowledgment of Conditions of Probation or Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order,** the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named releasee is in violation of the conditions of supervision as stated on the attached Probation Form 12C - Petition for Warrant or Summons for Person Under Supervision.

**Charge 1:**      **FAILURE TO FOLLOW INSTRUCTIONS OF THE PROBATION OFFICER**

    **a. Evidence:**

        i. Reporting letters dated 1/31/2022 and 2/17/2022.

    **b. Witnesses:**

        i. The Probation Officer will testify to the events listed in the petition.

**Charge 2:**      **FAILURE TO MAKE SPECIAL ASSESSMENT/RESTITUTION PAYMENTS AS DIRECTED**

    **a. Evidence:**

        i. None.

    **b. Witnesses:**

        i. The Probation Officer will testify that Mr. Young has failed to make payments.

PROB 12C
(Rev. 06/21)

RE: **Davone Young**                                        **Docket Number: 0972 2:21CR00208- 001**

Respectfully submitted,

**Kendall Millhouse**
**United States Probation Officer**
Telephone: (209) 702-6352

**DATED:**      3/1/2022
              Modesto, California

Reviewed by,

**Laura Weigel**
**Supervising United States Probation Officer**

PROB 12C
(Rev. 06/21)

RE: **Davone Young**                              **Docket Number: 0972 2:21CR00208- 001**

# REVOCATION GUIDE – SUPERVISED RELEASE

**Name of Person
Under Supervision:**    Davone  Young                **Docket Number:**    0972 2:21CR00208-001

**Date of Original Offense:**    3/26/2016

**Original term of supervised release imposed: 3 years**

**Highest grade of violation alleged: C**

**Criminal History Category of person under supervision: III**

**Original guideline range: 33 to 41 months.**

**Chapter 7 range of imprisonment: 5 to 11 months.**

**Maximum term on revocation - 18 USC 3583(e)(3):**

☒        **Class C and/or D felony - 2 years**

**Violation requires mandatory revocation:  YES: ☐    NO: ☒**

**Original offense committed on or after 04/30/2003**:  Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction, but not exceed the maximum for the classes of offenses noted above.  There is no adjustment for prison time imposed for any previous revocation of the term of supervised release. The Court must consider but is not bound by Chapter 7 ranges. Upon revocation, the Court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 USC 3583(e)(3) for the original offense of conviction, less the current term of imprisonment imposed upon revocation, and all prior terms of imprisonment imposed upon previous revocations.

## MANDATORY REVOCATION ISSUES

**Original offense committed after 09/13/94:**  Title 18 USC 3583 instructs that supervision shall be revoked upon a finding of:  1) Possession of a controlled substance; 2) Possession of a firearm; or, 3) Refusal to comply with mandatory drug testing.  If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession."

**Positive/Failed Drug Tests after 11/02/2002:**  Title 18 USC 3583(g) amended and instructs that supervision be revoked for:  Testing positive for illegal controlled substances more than three times over the course of one year.

PROB 12C
(Rev. 06/21)